IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ADRIAN DAIL, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Civil Action No. |
| v. | ) 2:23-cv-276-JKW-LRL |
| | ) |
| BOTH, INC., *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF PROPOSED REDLINE OF SECOND AMENDED COMPLAINT**

Plaintiffs Adrian Dail ("Dail") *et al.*, individually and on behalf of others similarly situated (collectively "Plaintiffs"), file this opposition to Defendants' proposed Redlined Version of Second Amended Complaint. ECF Nos. 78 and 78-1.

Following the May 28, 2025 hearing regarding Defendant's Motion to Dismiss or Strike portions of the Second Amended Complaint, the Defendant was allowed leave to "provide a redline for verbiage they propose to be stricken in reference to the 80/20/30 rule." ECF No. 77. Rather stay within the confines of limited allowance provided by the Court, the Defendants offered a redline that seeks to entirely rewrite Plaintiffs' Second Amended Complaint despite any legal or factual basis for doing so.

Defendants take a cavalier and expansive view of what constitutes "reference to the 80/20/30 rule." In short, Defendants would excise from the Complaint all suggestion that a tip credit rate cannot be paid for non-tipped work. The Defendants vastly overstate the significance of the role back of the 80/20/30 rubric. They implicitly suggest that the dual jobs regulation is no more and that there is now no distinction between tipped an untipped work even if the untipped work constitutes separate and unrelated job as Plaintiffs allege. *See e.g.*, ECF No. 781-1 at ¶96.

1

Plainly put, this is not the law.  One need look no further than the case that followed the Supreme Court's ruling in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) to do away with 80/20/30 to confirm the ongoing vitality of the dual jobs regulation.  *See Rest. L. Ctr. v. United States DOL*, 120 F.4th 163, 177 (5th Cir. 2024) (vacating the DOL's final rule (*i.e.* 80/20/30) to the extent it modifies the 1967 version of 29 C.F.R. § 531.56 (*i.e.* the dual jobs regulation)).  The DOL has since reinstated the 1967 dual jobs rule. *See* 29 C.F.R. § 531.56(e).

Following the issuance of *Rest. L. Ctr.*, multiple courts have all affirmed the application and propriety of the 1967 dual jobs regulation. *See Popp v. BrewDog Brewing Co.*, LLC, 2025 U.S. Dist. LEXIS 17086 *9-10 (S.D. Ohio Jan. 30, 2025) (confirming the 1967 dual jobs regulation controls); *Hallman v. Flagship Rest. Grp.*, LLC, 762 F. Supp. 3d 830, U.S. Dist. LEXIS 7585 *15 (D. Neb. 2025) (same); *Baker v. Melbourne Greyhound Park, LLC*, No. 2025 U.S. Dist. LEXIS 80115 (M.D. Fla. Apr. 28, 2025) (same); *Paschal v. Perry's Rests., Ltd.*, 2025 U.S. Dist. LEXIS 16260 *8 (W.D. Tex. Jan. 29, 2025) (same).  Plaintiffs are aware of no contrary post-*Rest. L. Ctr.* holding calling into question the dual jobs regulation.

The references to tipped and non-tipped work in the Second Amended Complaint are there for the specific purpose of promoting Plaintiffs' theory that the non-tipped work performed constituted a separate job that should have been paid at the applicable minimum wage(s).  Plaintiffs' Second Amended Complaint reasonably alleges that this second job was divorced from the tipped occupation for which Defendant was potentially entitled to pay a tipped rate of $2.13/hr.  Plaintiffs will of course have to present supporting evidence and prove their theory at trial, but the Court should not strike the factual assertions regarding non-tipped work because such allegations still support non-80/20/30-related regulations – specifically the dual jobs regulation – which remains in place.  The only actual reference to the 80/30/20 rule in the Second Amended Complaint

2

is found in Paragraph 95 where Plaintiffs mistakenly failed to remove **a single sentence** mention of the performance of non-tipped work **for more than thirty (30) continuous minutes**. ECF No. 50 at ¶ 95. But, Plaintiffs already acknowledged this oversight and hardly believe it to be so severe that another iteration of the complaint need be filed. *See* ECF No. 65 at page 20. Alternatively, the Court need **only strike only the single sentence** which reads: "Defendants further violated the FLSA by requiring Plaintiffs to spend more than thirty (30) continuous minutes performing non-tipped duties." ECF No. 50 at ¶ 95. The remaining allegations in ¶ 95, as well as all remaining redline strikes proposed by Defendants, can remain in the Second Amended Complaint as there is no other reference to an 80/20/30 rule.

In conclusion, the Court should disregard the Defendants' proposed strikes to the Second Amended Complaint (with the lone exception a single sentence in ¶ 95), as the Plaintiffs are permitted to allege a dual jobs violation, and the allegations Defendant seeks to remove speak to such a violation.

Respectfully submitted,

By:  */s/ Craig Juraj Curwood*
Craig Juraj Curwood (VSB No. 43975)
Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris@butlercurwood.com
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                */s/ Craig Juraj Curwood*
                                                Craig Juraj Curwood (VSB No. 43975)