**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **ADRIAN DAIL**, *et al.* ) | |
|   Individually and on behalf of all ) | |
|   Others similarly situated, ) | |
|                                        *Plaintiffs*, ) | |
| v. ) | Civil Action No. 2:23-cv-276-JKW-LRL |
| **BOTH, INC.**, *et al.*, ) | |
|                                        *Defendants.* ) | |

## JOINT MOTION TO EXTEND STAY AND TOLL STATUTES OF LIMITATIONS AND FOR STANDING ORDER

Plaintiffs Adrian Dail, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendants, BOTH, INC., et al., ("Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby move the Court for an Order to stay deadlines and toll statues of limitations of the proceedings in this action to meet and confer as ordered, but to also explore options to streamline the case to potentially avoid further motions practice relative to amending the complaint and possible interlocutory appellate review, as well as evaluating possible settlement discussions. In support of this Motion, the Parties state as follows:

1. The Parties request an extension of the current stay of any pending deadlines and a tolling of all statutes of limitations for 30 days in the interest of efficiency as well as economy of time and effort for the Court and the Parties.

2. Pursuant to the court's Orders (ECF Nos. 81 and 83), the Parties have been meeting and conferring, and the parties are exploring options to streamline the case, including potentially

avoiding further motion practice relative to amending the complaint and possible interlocutory appellate review, as well as examining whether the case may be amenable to settlement at this time.

3. The Parties respectfully submit that it is in the interests of the Parties and the Court to allow that process to unfold before notice issues.

4. The Parties request that the Court enter an Order staying all pending deadlines and also tolling the statutes of limitations for all claims asserted by Plaintiffs and putative collective or class action members alleged in this lawsuit.

5. This Motion is made in good faith and is not interposed for delay or any other improper purpose.

6. Should the Court enter an Order staying and tolling for 30 days, on or before the expiry of such Order, the Parties will submit a joint status report to the Court providing an update on whether the Parties have successfully resolved all issues before the Court in this matter, and if not resolved, shall report as to the outcome of the meet and confer on the form and manner of the proposed notice plan and any other issues for the Court's consideration.

7. The Parties also intend to use the 30 day stay to negotiate the content and process of collective action notice in the event the matter does not resolve and notice is issued.

8. The Parties additionally request the entry of a Standing Order in this case providing that individuals who have or who will later opt in to the FLSA portion of this case be deemed to have joined this case for purposes of individual claims brought under Va. Code §§ 40.1-29 ("VWPA"), 40.1-29.2 ("VOWA"), and 40.1-28.8 ("VMWA").  In its August 20, 2023 Opinion (ECF No. 81), the Court  denied Rule 23 Certification to these claims, meaning only named Plaintiffs currently have such claims before the Court.  Plaintiffs have expressed a desire to amend,

or request serial amendments, to ensure that these claims are before the Court with respect to all opt in Plaintiffs.  The Parties agree that additional or continuous amendments would be inefficient and would prefer the entry of the requested Standing Order providing for the same result.

9.      In agreeing to the Standing Order referenced in ¶8 above, the Defendant waives no defenses to any claims.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court grant this Motion and enter an Order staying all pending deadlines and tolling the statutes of limitations in this action for 30 days and providing for the state law claims of any opt ins be brought within the ambit of this lawsuit.

Respectfully Submitted,

**ADRIAN DAIL,** *et al.*

By: */s/ Craig Juraj Curwood*
Harris D. Butler, III (VSB No. 26483)
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha Galina (VSB No. 96981)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone:  (804) 648-4848
Facsimile:   (804) 237-0413
Email:   harris@butlercurwood.com
            craig@butlercurwood.com
            zev@butlercurwood.com
            samantha@butlercurwood.com

*Counsel for Plaintiffs*

**BOTH, INC.,** *et al.*

By:  */s/ Paul DeCamp*
Paul DeCamp (Bar I.D. No. 78204)
Kathleen Barrett, pro hac vice
EPSTEIN, BECKER 7 GREEN, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone:  (202) 861-1819
Facsimile:   (202) 861-3571
Email:   pdecamp@ebglaw.com
            kbarrett@ebglaw.com

Randy C. Sparks, Jr.  (VSB No. 40723)
Catrina C. Waltz (VSB No. 98446)
KAUFMAN & CANOLES, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone:  (804) 771-5700
Facsimile:   (888) 360-9092
Email:  rcsparks@kaufcan.com
            ccwaltz@kaufcan.com

Sharon Kerk Reyes  (VSB No. 87701)
William M. Palmer (VSB No. 94930)
KAUFMAN & CANOLES, P.C.

                                                150 West Main Street, Suite 2100
                                                Norfolk, VA 23510
                                                Telephone:   (757) 624-3000
                                                Facsimile:    (888) 360-9092
                                                Email:   skreyes@kaufcan.com
                                                                        wmpalmer@kaufcan.com

*Counsel for Defendants*